Hannah A. Goldblatt (OSB # 205324)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Ste. B
Portland, OR 97202
(503) 914-6388
hgoldblatt@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. FOREST SERVICE**, <br><br> Defendant. | Case No.: 3:24-cv-980 <br><br> **COMPLAINT** |

## INTRODUCTION

1. Plaintiff Western Watersheds Project ("WWP") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to seek records improperly withheld by Defendant U.S. Forest Service.

2. To fulfill its mission of protecting watersheds and wildlife across the American West, WWP routinely requests records from the Forest Service to shed light on the agency's

management of our national forests. This case involves two separate FOIA requests sent to the Forest Service regarding resource conflicts on the Antelope grazing allotment on the Fremont-Winema National Forest ("Antelope Allotment"). The Antelope Allotment contains important habitat for a critically small population of Oregon spotted frogs, which are protected under the Endangered Species Act and are vulnerable to the adverse effects of cattle grazing on the allotment.

3. For both of WWP's FOIA requests, the Forest Service failed to comply with FOIA's requirements. The Forest Service failed to comply with FOIA's twenty-day deadline to provide a determination as to the scope of the records it intends to produce along with its reasons for withholding any records. 5 U.S.C. § 552(a)(6)(A). For the first request, the Forest Service eventually did respond (more than six months after it was submitted) and produced a mere 11 documents, demonstrating that the agency's search was utterly inadequate. For the other request, nearly 10 months have passed and the agency has still failed to make a determination or produce any responsive documents. Accordingly, WWP requests a ruling that the Forest Service is unlawfully withholding records in violation of FOIA, and an order that the agency must produce all non-exempt records within thirty days.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. In addition, FOIA itself provides a basis for jurisdiction. 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because a majority of the agency records at issue are, on information and belief, located in the District of Oregon at the

headquarters of the Forest Service's Pacific Northwest regional office. Venue is proper in the Portland Division because the Pacific Northwest regional office is located in Portland.

6.  The federal government waived sovereign immunity in this action pursuant to 5 U.S.C. § 552(a)(4)(B).

7.  Because the Forest Service failed to make a timely "determination" as to WWP's FOIA requests and appeal, WWP is deemed to have exhausted administrative remedies with respect to those requests. *Id.* § 552(a)(6)(A); *id.* § 552(a)(6)(C)(i); *id.* § 552(a)(4)(B).

## PARTIES

8.  Plaintiff WWP is an Idaho non-profit membership organization dedicated to protecting and restoring watersheds and wildlife in the American West through education, public policy initiatives, and legal advocacy. WWP has over 15,000 members and supporters, including many members who live in Oregon. WWP is headquartered in Hailey, Idaho, and has staff in Oregon, as well as in other western states.

9.  WWP's mission is to protect and restore western watersheds and wildlife through education, public policy initiatives, and legal advocacy. WWP is active in seeking to protect and improve the public lands, wildlife, and other natural resources and ecological values of western watersheds, particularly by addressing impacts caused by domestic livestock grazing. WWP has long-standing concerns about the Forest Service's management of livestock grazing.

10. To further its mission, WWP often requests information regarding federal programs and activities through FOIA. WWP then compiles and analyzes the information it obtains through the requests and disseminates it to the public by: (1) presenting the material to its members and supporters, as well as members of other state and national conservation organizations, through its newsletter and email alerts; (2) presenting the materials at national and

regional conferences; (3) participating in other public forums, such as local government hearings; (4) issuing press releases and presenting the information to national, regional, and local media; (5) posting the information (in a compiled and more readily understandable form) on WWP's internet web site, which has over 2,000 views each month; and (6) presenting information on social media sites such as Facebook, Instagram, and TikTok. The records sought in the FOIA requests at issue here will help WWP inform and educate its members and the public about the Forest Service's grazing management and its potential environmental effects on resources within the Fremont-Winema National Forest.

11. WWP and its staff and members are directly injured by the Forest Service's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. By delaying or withholding documents, the Forest Service prevents WWP from obtaining, in a timely manner, information relevant to imminent management actions, public comment opportunities, or other time-sensitive matters. In turn, these delays and withholdings harm WWP by impeding the organization's efforts to fulfill its mission and denying the organization and its members timely access to information. WWP brings this suit on behalf of itself, its staff, and its members.

12. Defendant U.S. FOREST SERVICE is an agency of the U.S. Department of Agriculture within the Executive Branch of the U.S. Government. Pursuant to 5 U.S.C. § 552(f), the agency is subject to FOIA's requirements because it is in the possession and control of the records sought by WWP.

## LEGAL BACKGROUND

The Freedom of Information Act

13. FOIA aims to "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (quotation omitted). "[T]he statute does not condone agency personnel sitting behind accumulating mounds of FOIA requests and requiring each requester to 'take a number' and wait many months . . . for the agency to comply." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 789 (D.C. Cir. 2018) (Pillard, J., concurring).

14. FOIA requires an agency to make a "determination" as to a request within 20 working days. 5 U.S.C. § 552(a)(6)(A). An agency may extend the 20-day deadline by invoking "unusual circumstances." *Id.* § 552(a)(6)(B). FOIA limits "unusual circumstances" to situations where the agency needs: to search for and collect records from places other than the office processing the request; to process a "voluminous" amount of records in a single request; or to consult with another agency or "among two or more components of the agency having substantial subject-matter interest therein." *Id*. The agency may not "specify a [new deadline] that would result in an extension for more than ten working days" unless the agency (1) "provide[s] the [requester] an opportunity to limit the scope of the request so that it may be processed within th[e] [statutory] limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and (2) notif[ies] the requester of the right . . . to seek dispute resolution services from the Office of Government Information Services." *Id.* § 552(a)(6)(B)(i)–(ii).

15. An agency makes a "determination" as to a request by "determin[ing] and communicat[ing] the scope of the documents it intends to produce and withhold, and the reasons

for withholding any documents." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Com'n* ("*CREW*"), 711 F.3d 180, 186–88 (D.C. Cir. 2013). A "determination" must "inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188; *see also* 5 U.S.C. § 552(a)(6)(A)(i)(III). An agency does *not* make a "determination" when it "decide[s] to later decide"—that is, when it "express[es] a future intention to produce non-exempt documents and claim exemptions." *CREW*, 711 F.3d at 185–86. A failure to make a timely determination violates FOIA. *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1106–07 (9th Cir. 2016).

16. An agency must make records "promptly available" after receiving a FOIA request. 5 U.S.C. § 552(a)(3)(A). To make records "promptly available," an agency should release records "within days or a few weeks" of the "determination" deadline, "not months or years." *CREW*, 711 F.3d at 188. A failure to make records "promptly available" violates FOIA. *Long v. I.R.S.*, 693 F.2d 907, 910 (9th Cir. 1982); *Judicial Watch*, 895 F.3d at 781–82.

17. Upon request, an agency must inform the requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

18. When responding to a FOIA request, agencies must conduct "a search reasonably calculated to uncover all relevant documents." *Machado Amadis v. United States Dep't of State*, 971 F.3d 364, 368 (D.C. Cir. 2020) (quoting *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); *see also* 5 U.S.C. § 552(a)(3)(A)–(D). To do so, the agency must use "methods which can be reasonably expected to produce the information requested." *Reps. Comm. for Freedom of Press v. Fed. Bureau of Investigation*, 877 F.3d 399, 400 (D.C. Cir. 2017) (quoting *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

19. The public has a right to appeal any adverse determination on a FOIA request within "90 days after the date of such adverse determination." 5 U.S.C. § 552(a)(6)(i)(III). An agency must make a determination on an appeal within 20 working days. *Id.* § 552(a)(6)(ii).

20. FOIA confers jurisdiction on federal district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

The Forest Service's FOIA Process

21. The Forest Service is a part of the U.S. Department of Agriculture, which has a decentralized FOIA program that allows each agency and staff office to independently receive, handle, and process FOIA requests. The Department encourages requestors to direct requests to the specific office that maintains the records sought. 7 C.F.R. § 1.3(a)(1).

22. Forest Service Manual 6200, Chapter 6270, entitled Availability of Records, describes the agency's authority and responsibilities under FOIA. The manual authorizes Forest Supervisors of National Forests "to sign responses to initial requests, or portions of initial requests, when records are released in entirety" and to "[p]romptly refer to the Regional FOIA Coordinator for analysis 'no records' determinations and records recommended to be withheld in part or entirety." Forest Service Manual 6200 at 6270.42d. Regional FOIA Coordinators are responsible for conducting a "[t]imely review of responsive records"; "[w]riting clear, concise, correct response letters"; and facilitating FOIA appeals. It is the agency's policy to "[m]eet statutory timelines for responses." *Id.* at 6270.3.

Antelope Allotment FOIA Request 1, Appeal No. 2023-FS-R6-00383-F

23. On October 26, 2022, an attorney for WWP emailed a FOIA request to the FOIA Coordinator for the Region 6, Pacific Northwest Office seeking documents related to the Antelope grazing allotment on the Fremont-Winema National Forest ("Antelope Allotment FOIA Request 1").

24. WWP sought documents regarding the Antelope Allotment's 2022 grazing season; communications between the permittee and the Forest Service regarding the 2022 grazing season; and the Application for Term Grazing Permits and supporting documents related to the Antelope Allotment permittee.

25. On October 27, 2022, a Forest Service representative informed WWP's attorney that it was processing the request under tracking number 2023-FS-R6-00383-F.

26. On January 6, 2023, WWP's attorney sent an email to check on the status of the request. More than 40 days had passed since the Forest Service acknowledged receipt of the request, but the agency had yet to provide any response to WWP.

27. On January 9, 2023, a Forest Service representative responded to WWP's attorney, stating that WWP's "request is being processed, however there are eight requests ahead … in [the] processing queue." The agency did not provide any estimate of how long a determination or production of documents would take.

28. On April 10, 2023, more than five months since submitting the FOIA request, WWP's attorney sent another email to check on the status of the request.

29. On April 12, 2023, a Forest Service representative responded to WWP's attorney that WWP's "request is third in [the] processing queue." The agency still did not provide an estimate of when it expected to provide a determination or produce responsive documents.

30. On May 4, 2023, more than six months after submitting the FOIA request, the Forest Service provided a final response. The agency claimed it conducted a "thorough search for responsive documents" in the Forest Supervisor's office, the Paisley Ranger District Office, and the Klamath Ranger District Office. However, the agency produced only 11 pages of responsive information. Those documents included: 1) two grazing bills; 2) one page of handwritten notes about grazing plans for summer 2022; and 3) a term grazing permit issued to the permittee on June 3, 2019.

31. On June 7, 2023, an attorney for WWP submitted an appeal of FOIA Request No. 2023-FS-R6-00383-F. The appeal alleged first that the Forest Service's search for responsive documents was inadequate in at least the following three ways: because the agency did not search two ranger districts where responsive records are likely to exist; it did not search the Fremont-Winema National Forest Headquarters and Regional Office where responsive records are likely to exist; and it did not disclose the date of its search, so it is unclear whether it used the search date as the cutoff for responsive documents as requested. The agency thus failed to reasonably search for and disclose documents, in violation of 5 U.S.C. § 552(a)(3)(A)–(D).

32. Second, the appeal alleged that the Forest Service failed to promptly produce all responsive records, as required under 5 U.S.C. § 552(a)(3)(A). In particular, there were several types of responsive, non-exempt records that should have been disclosed. These records likely included direction letters, annual operating instructions, or other documents that authorized or prohibited grazing during the 2022 grazing season; and communications between the Antelope Allotment permittee and the Forest Service during the 2022 grazing season.

33. On June 8, 2023, the Forest Service's FOIA Service Center Team responded via email acknowledging receipt of the appeal and assigning case number 2023-FS-WO-00078-A.

34. On July 19, 2023, more than 20 business days had passed since the Forest Service received WWP's appeal. WWP's attorney sent an email on this date to check on the status of the appeal.

35. That same day, on July 19, 2023, a Forest Service representative responded that WWP's appeal was number 85 out of 89 in their queue. They did not provide an estimate of when it anticipated a response to the appeal.

36. On December 6, 2023, nearly six months since the Forest Service received WWP's appeal, WWP's attorney sent another email to check on the status of the appeal.

37. On December 18, 2023, a Forest Service representative informed WWP's attorney that the appeal was number 64 out of 77. They further stated that "the secondary search ha[d] been completed" but that it would not be able to review the case again until March 2024.

38. On May 20, 2024, over 11 months had passed since the Forest Service received WWP's appeal. WWP's attorney sent another email to check on the status of the appeal.

39. On May 24, 2024, a Forest Service representative informed WWP's attorney that the appeal was now number 48 out of 64 but that they had not been able to start their review of the case in March of 2024 as previously predicted. They further stated that they "don't expect to make much progress on [the] appeal in the next 45-60 days."

40. More than one year has passed since WWP first submitted this appeal; the Forest Service has still failed to provide a legally adequate response. The Forest Service has yet to produce any additional documents beyond the 11 pages of records that it originally produced in May 2023.

Antelope Allotment FOIA Request 2, No. 2023-FS-R6-05663-F

41. On August 9, 2023, an attorney for WWP emailed a FOIA request to the FOIA Coordinator for the Region 6, Pacific Northwest Office seeking documents related to the Antelope grazing allotment on the Fremont-Winema National Forest ("Antelope Allotment FOIA Request 2").

42. WWP sought records related to the Antelope Allotment's 2023 grazing season; communications between the permittee and the Forest Service during the 2022 or 2023 grazing season; monitoring information since 2022; records related to compliance issues since 2022; data or monitoring information related to the Oregon Spotted Frog since 2022; information regarding the Forest Service's management of the fen system in the allotment since 2019; and information related to the U.S. Fish and Wildlife Service's 2018 Biological Opinion.

43. On August 11, 2023, a Forest Service representative responded via email acknowledging receipt of the request and assigning tracking number 2023-FS-R6-05663-F.

44. On September 12, 2023, 20 business days had passed since the Forest Service received WWP's FOIA request. The agency had not provided any response or further update to WWP.

45. On May 20, 2024, WWP's attorney sent an email to check on the status of the request. Over nine months had passed since the Forest Service acknowledged receipt of the request, but the agency had yet to provide any response to WWP.

46. On May 21, 2024, a Forest Service representative informed WWP's attorney that the request "is being processed, however there are more than six requests ahead of [WWP's] in [the] processing queue." The agency did not provide any estimate of how long a determination or production of documents would take.

47. More than ten months have passed since WWP first submitted this request, but the Forest Service has not provided a determination about its intention to comply or reasons for withholding documents nor produced *any* documents. The agency has not invoked any unusual circumstances or exemptions to justify its withholdings.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FOIA:  ANTELOPE ALLOTMENT FOIA REQUEST #1

48. WWP realleges and incorporates by reference all preceding paragraphs.

49. WWP has a statutory right to a timely determination on its FOIA request and prompt production of the non-exempt records sought. 5 U.S.C. §§ 552(a)(3), (a)(6).

50. In response to WWP's Antelope Allotment FOIA Request #1, 2023-FS-R6-00383-F, the Forest Service failed to provide a determination within FOIA's twenty-day deadline. When it finally responded to WWP's request, over six months later, it violated FOIA again because it failed to conduct an adequate search; and failed to promptly provide all responsive records.

51. Accordingly, the Forest Service is violating FOIA in the following separate ways: (1) failing to reasonably search for and disclose responsive documents, *id.* U.S.C. § 552(a)(3)(A)–(D); and (2) unlawfully withholding responsive documents, *id.* U.S.C. § 552(a)(3)(A).

52. The Forest Service's violations of FOIA have deprived WWP of its right to receive public records promptly and injured WWP's interests. These violations will continue absent the relief requested herein.

53. WWP is therefore entitled to declaratory and injunctive relief stating that the Forest Service violated FOIA and requiring the agency to promptly respond to conduct a new search for the requested records using the date of the search as the cut-off date, and to produce

all responsive records as soon as possible. WWP is also entitled to reasonable costs of litigation and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF FOIA: ANTELOPE ALLOTMENT FOIA REQUEST #2**

54. WWP realleges and incorporates by reference all preceding paragraphs.

55. WWP has a statutory right to a timely determination on its FOIA Request, an estimated date of completion, and prompt production of the non-exempt records sought. 5 U.S.C. §§ 552(a)(3), (a)(6), (a)(7)(B)(ii).

56. In response to WWP's Antelope Allotment FOIA Request 2, No. 2023-FS-R6-05663-F, the Forest Service failed to provide a complete and adequate determination within FOIA's twenty-day deadline and failed to provide an estimated date of completion upon request. More than ten months after receiving the request, the agency has still not produced any responsive records nor made a final determination. The agency has not invoked any exemptions under FOIA that allow it to withhold any records nor any "unusual circumstances" that allow it to delay or bypass FOIA's deadline and disclosure requirements.

57. By failing to produce all responsive records promptly, the Forest Service has constructively denied WWP's request and is unlawfully withholding records.

58. Accordingly, the Forest Service has violated FOIA in the following separate ways: 1) failing to provide a determination by the statutory twenty-day deadline; 2) failing to provide an estimated date of completion; and 3) unlawfully withholding responsive documents. 5 U.S.C. §§ 552(a)(3), (a)(6), (a)(7)(B)(ii).

59. The Forest Service's violations of FOIA have deprived WWP of its right to receive public records and injured WWP's interests. These violations will continue absent the

relief requested herein, particularly given the Forest Service's repeated lengthy delays in responding to FOIA requests over the Antelope Allotment.

60. WWP is therefore entitled to declaratory and injunctive relief stating that the Forest Service violated FOIA and requiring the agency to promptly produce responsive records, as well as to reasonable costs of litigation and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, WWP respectfully prays that this Court:

A. Declare, hold, and adjudge that the Forest Service has violated FOIA in the ways described above for each of the two FOIA requests identified above;

B. Order the Forest Service to comply with FOIA by producing all non-exempt public records in response to each of the two FOIA requests discussed above within thirty days;

C. Award WWP its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or all other applicable authorities;

D. Grant such other and further relief as WWP may hereinafter request or as the Court deems just and proper.

Dated: June 20, 2024

Respectfully submitted,

s/ Hannah A. Goldblatt
Hannah A. Goldblatt (OSB # 205324)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Ste. B
Portland, OR 97202
(503) 914-6388
hgoldblatt@advocateswest.org
epotter@advocateswest.org
Attorneys for Plaintiff